No Fee

AO 243   (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

FILED
CLERK, U.S. DISTRICT COURT
MAY 1 4 2014
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

| **United States District Court** | District Central District of CA Western Division |
|---|---|
| Name of Movant MARTA Mastrangelo | Prisoner No. 64404112. |
| | Case No. CR 13-00072-JFW |
| Place of Confinement FCI Dublin 5701 8th Street, Camp Parks Dublin, CA 94568 | |

UNITED STATES OF AMERICA        v.   MARTA Beatriz Mastrangelo
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court. Central District Of CA. Western Division

2. Date of judgment of conviction  7/22/2013

3. Length of sentence  12 months and one day.

4. Nature of offense involved (all counts)  Mailing threatening communication.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   CV14-03700-JFW

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes  ☐        No  ☒

8. Did you appeal from the judgment of conviction?
   Yes  ☒     No  ☐

LODGED
CLERK, U.S. DISTRICT COURT
MAY 1 2 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

(2)

AO 243   (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a)  Name of court  United States Court of Appeals. For the Ninth Circuit.

    (b)  Result  Affirmed.

    (c)  Date of result  April 8th 2014.

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

     Yes  ☒   No  ☐

11.  If your answer to 10 was "yes," give the following information:

    (a)  (1)  Name of court  United States District Court Central District of CA. Western Division.

         (2)  Nature of proceeding  Supplemental Brief in Response to Court order. Dated. August 1st, 2013.

         (3)  Grounds raised  Counsel's appointment

         (4)  Did you receive an evidentiary hearing on your petition, application or motion?
              Yes  ☒   No  ☐

         (5)  Result  New. Appeal Lawyer.

         (6)  Date of result  8/15/2013

    (b)  As to any second petition, application or motion give the same information:

         (1)  Name of court  United States District Court Central. District of CA. Western Division.

         (2)  Name of proceeding  Brief: Bail. Pending Sentencing.

         (3)  Grounds raised  I satisfy the Standard For Release. under 3143.(a)(1). Release under exceptional circunstances -(3145)(c).

AO 243   (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☒   No ☐

(5) Result *Denied ; Judge walter's stated "I know I was going to prison. Before trial" page. 21. of the mdtion.*

(6) Date of result *June 29th 2013.*

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.          Yes ☐     No ☒

(2) Second petition, etc.      Yes ☐     No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

*I don't know why my attorneys: Peter Arian and Craigm. Harbough. Did not Appeal -*

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(4)

AO 243    (Rev. 2/95)

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A.  Ground one: The defendant knowingly mailed or arrenge to mail a communication addressed to A.T. containing a treat to injure

Supporting FACTS (state *briefly* without citing cases or law): NO physical evidence that was the defendant. No evidence establishing the greeting card containing the Rat poison passed through the postal Service note "STAMPS DON'T have postal Markings". That is not a legal Mail piece. (check with postal inspector). No postal Report on the letter was presented at trial.

B.  Ground two: The defendant intended to communicate a threat. A communication is a threat if a Person interpreted it as a expression of intent to injure

Supporting FACTS (state *briefly* without citing cases or law): MR tajer did not Testify. MR tajer did not call authorities. It was not a threat to him. MR tajer did not express that the communication was a threat to him because he did not Testify. Miss Daneshvar said she ~~at~~ Did not call the authorities. the envelope contained a Rat poison warning. "An emotion is not a physical harm Rat poison is a household product. There is no quantity in the lab ~~Report~~.

C.  Ground three: JURY INSTRUCTIONS failed to require the jury that the defendant ~~at~~ intended to threaten physical harm.

Supporting FACTS (state *briefly* without citing cases or law): My lawyers did not Argue it. Failed this Ground. There is no report on the amount of rot poison i'm the envelope. The ~~FBI~~ Agent Also stated "It has the potential to cause Harm to Humans if ingested in large quantities." (There is no quantity in the lab report). The amount in the picture doesn't even fill a mice. Miss Daneshvar did not have any report from a Doctor of Having a physical Harm. (condition) Did not Developed any addense Reaction—

AO 243    (Rev. 2/95)

FBI took many Months To go to MR Tajer office. I don't think they will considere a thReat !!

D.   Ground four: Miss. Daneshvar. lied under oath.

Supporting FACTS (state *briefly* without citing cases or law): the envelope with the Rat poison. has no cRacks in the Flap of the envelope. How she opened?, she doesn't remember when oR how she Received. the envelope. Since she Is Lying!

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: My lawyer did not enclude a BuRglary in my office. on Dec 27 2010. that could. had. help my conviction. my lawyers did not aRgue. that the Amount of Rat poison Is insignificant to cause physical haRM. my lawyers did not aRgue that the stamps don't have postal markings and the envelope Is not pRoof. the Rat poison went thRough the mail.

14.   Do you have any petition or appeal now pending in any court as to the judgment under attack?
       Yes ☐   No ☒

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)   At preliminary hearing   Fay ARFA.

(b)   At arraignment and plea   MR. Peter ARian

(c)   At trial   MR Peter ARian And MR CRaig HaRbaugh.

(d)   At sentencing   MR Peter ARian And MR CRaig HaRbaugh

AO 243   (Rev. 2/95)

(e)  On appeal  _MR. Ethan Balogh._____

(f)  In any post-conviction proceeding  _MR Ethan Balogh._____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding  _MR Ethan_
_Balogh._____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  ☒  No  ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☐  No  ☒

(a)  If so, give name and location of court which imposed sentence to be served in the future:  _____

_____

_____

(b)  Give date and length of the above sentence:  _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes  ☐  No  ☒  _I don't have Future sentence._

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_5/9/2014._____
Date

_____
Signature of Movant

(7)

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETER L. ARIAN, ESQ.
CRAIG A. HARBOUGH, ESQ.

Attorneys for Defendant
Marta Beatriz Mastrangelo



My deFend Lawyers

i

1

43 pAges

The instructions # 19 proposed by my lawyers resulted in my conviction.

A failure to fight my case on my behalf.

My lawyers intentions were not to win count # 3 of the indictment.

2

My lawyers failed to fight the inditment :mailing
threatening communications in violation of
section 876 (c) of Title 18 of the United States
Code.   A communication is a threat if a
reasonable person would foresee that the
communication would be interpreted by a
recipient as a serious expression of intent to injure.
Neither Mr Tajer nor Mrs Daneshvar called the police
 There were not threaten at all !
Neither Mr Tajer nor Mrs Daneshvar have any
medical report they suffered physical injury . Mr
Tajer did not testify he was threaten .

3

My lawyers failed to raise the arguments that I acted with the specific intend to threathen and I intended to physical threaten.

My lawyers also  agreed that the goverment  need not
to prove  that the defendant intended to   carry out
the threat .This  instruction also contributed to my
conviction .

My lawyers failed to argue at trial I knew i was mailing a threat.

There is absolutely no physical proof that I committed a crime .

DISPUTED INSTRUCTION NO. 19 RE

ELEMENTS OF OFFENSE--COUNT THREE

PROPOSED BY DEFENDANT


~~The defendant is charged in Count 3 of the indictment with~~
mailing threatening communications in violation of Section 876(c)
of Title 18 of the United States Code. In order for the defendant
to be found guilty of that charge, the government must prove each
of the following elements beyond a reasonable doubt:

First, the defendant knowingly mailed or arranged to have
mailed a communication addressed to Alan Tajer containing a
threat to injure any person.

Second, the defendant intended to communicate a threat.

A communication is a threat if, under the circumstances, a
reasonable person would foresee that the communication would be
interpreted by a recipient as a serious expression of intent to
injure. The government need not prove that the defendant intended
to carry out the threat.

Ninth Circuit Model Criminal Jury Instruction 8.47A (April 2013).

-28-

**The green envelope could had wrong
interpretations based on wrong  word
The fact is that : There is  no
indication in that letter that an act of
violence will occur in the future .
My lawyers failed to proof that  at  trial.**



BTW 1513

Nothing
written on
flue card
No Future
Actions

10

My Lawyers failed  to argue at trial that
a  few pellets of rat poison glued together
accompanied by a warning label  caused
physical harm or injury to a person then it
was not a physical threat . A threat is an
intention to inflict injury or   harm.A  threat
can be of other natures than physical :a threat
to your reputation for example .

Because  there were no proof at trail that Mrs
Daneshvar or Mr Tajer had any physical
distress  because of the envelope  containing rat
poison then there was no physical threat .

(1

The rat poison was glued together. That meant that the rat pellets had glue on them and around them. School glue can be a threat ?

12

Mrs Daneshvar did not report she
had a physical injury as a result of a threat
As a matter of fact she did not call any
paramedics or police . Actually she stated to
the FBI that she did not develop any
adverse reaction to the envelope she said
she opened. How can this envelope caused
physical harm ?No medical report and no
adverse reaction .

Definition of harm: Injury,Damage or
Hurt.Harm is not only physical according to the
dictionary : a reputation can be injured or
harmed.

Definition of injury: Any wrong or damage done to
a person, his reputation ,or property .No report at
her body was damaged as a result of opening the
envelope containing a few pellets of rat poison glued
together and with a warning label. Emotions are no
physical injuries .Emotions are :a strong surge of
feelings .Not physical injuries .

In addition the envelope was addressed to Mr
Tajer noMr Tajer's office .Mr Tajer never testify
He never called the police .He never presented
any physical injury report to the courts.

13

FD-302 (Rev. 10-6-95)

**AGENT COPY**

- 1 -

### FEDERAL BUREAU OF INVESTIGATION

Date of transcription      05/18/2011

On 05/17/2011, FBI Special Agents (SA) Wilhelmus P. VanHoek and Michael L. Baas interviewed ALAN R. TAJER, Attorney At Law (CA State Bar licence number 159561), at his place of employment at Alan Tajer Law Offices located at 3540 Wilshire, Blvd., Suite 1034, Los Angeles, California 90010, telephone number (213) 480-6600 and (213) 383-8883, facsimile (213) 480-6606. After identification of the agents and explaining the purpose of the interview, TAJER provided the following information voluntarily:

On 01/19/2011, TAJER had received a voicemail from Officer Pizzi, telephone number ▮▮▮▮▮▮▮▮, of the California Highway Patrol indicating that the CA State Bar had received three letters, two of which had TAJER's name on it. TAJER never met the CHP Officer. Approximately four weeks later one of TAJER's female employees "Mimi [ph]", received the mail and opened an envelope containing a greeting card containing blue "rat poison" powder. TAJER took a look at it, but never touched the letter. Multiple employees, including "Mimi [ph]" and "Nilu [ph]", however, did handle the envelope and its content, but nobody developed any adverse effects. TAJER considered the envelope suspicious, put the envelope in a large yellow envelope and stored it in a drawer in his office. TAJER contacted the post office and received the hotline telephone number. TAJER did not notify authorities of this incident, nor called the hotline. Of note: TAJER mentioned this incident to writer on 05/16/2011 during a telephone conversation.

TAJER has practiced worker's compensation law for 20 years and worked, until recently, on loan modifications. Approximately one year ago, someone had put a flier on the elevator in the building where TAJER has his office. TAJER stated that it was written in "Spanglish" and read "TAJER is a crook", "he is taking your money" and "TAJER is delinquent". Approximately one month later, TAJER was notified that a few people on the 10th floor, including an attorney named "Butler [ph]" and an accountant, had received an anonymous letter with a similar message about TAJER with the text "TAJER is a crook" and that TAJER is "a delinquent with a license".

MARTA MASTRANGELO was a client of TAJER for approximately two years up to June 8, 2010. MASTRANGELO was a client when the elevator flier and letter incident occurred, but TAJER did not

Investigation on    05/17/2011    at   Los Angeles, CA

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                        Date dictated   05/18/2011

by    SA Wilhelmus P. VanHoek:wpm

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

10

A few pellets of rat poison glued  together is a serious intention to harm a person?. My Lawyers failed to proof  that the amount of rat poison does not cause any physical harm  to a human . As a matter of fact the amount of rat poison in the picture is not enough to kill  a  mouse.

Rat  poison is not a weapon of mass destruction
Rat poison is a household product .Rat poison can
be purchased in stores and also can be mailed
Pellets can be released from the packaging when
mailed it because of the handeling .Is that a threat ?
Agent : VanHoeck  stated that rat poison
(brodifacoum) it has the potential to  cause harm  to
humans  if ingested in significant quantities .

There is no lab report on how much poison was
present in the envelope .Neither Mr Tajer or Mrs
Daneshvar testified that they ingested the poison ,so
there were no physical injury or harm and it was not
a physical threat.

Rat poison is brodifacoum a  super
anticoagulant .

17

There was no intention to cause physical harm or physical injury since the rat poison was glued  to the sympathy card  and the warning label was inside the  envelope.If the intention were to cause physical  harm the rat poison pellets would not be  glued and there would  be no warning labels.
The word  intention  means :purpose or goal .

There is no  threat  made with a warning
label.People do not include warnings labels or
careful notices when doing threats.



① Rat warning label
Inside envelope

No physical harm
with a warning!

Rat poison only
cause physical
MARMIF swallowed
In large
quantities over
time!!!

20

A few rat poison pellets glued together do not cause physical harm or physical injury unless there are ingested .To cause physical harm  or physical injury in a person a substance has to  damage  tissues or bodily funtions . Fear or  panic are normal reactions to the body ,they are emotions . Fear or panic do not cause damage to human tissues  .By the contrary: fear or panic  are   feelings to protect a  person from  any type of harm.

21

Mrs Daneshvar panic or fear reaction are feelings that the  human body has  .They are no foreign substances that cause damages to tissues or bodily funtions .Actually panic or  fear protect the body from harm by staying away and protect the body  from physical harm.

**My lawyers did not want to bring at trial a burglary    in my office on December 27 th 2010.Anybody could had fabricated those letters including Mr Tajer or somebody related to  him.**

**Los Angeles Police Department**
**INVESTIGATIVE REPORT**

Page 1 of 2  03.01.00 (07/10)

☐ MULTIPLE DRS ON THIS REPORT

REPORT OF: BURGLARY   PAC   INC# 10-12 27 00 48 10-14 28656

**CASE SCREENING FACTOR(S)**
- ☑ SUSPECT/VEHICLE NOT SEEN
- ☑ PRINTS OR OTHER EVIDENCE NOT PRESENT
- ☑ MO NOT DISTINCT
- ☑ PROPERTY LOSS LESS THAN $5,000
- ☑ NO SERIOUS INJURY TO VICTIM
- ☑ ONLY ONE VICTIM INVOLVED

CTC/B MAJOR CRIMES

LAST NAME, FIRST, MIDDLE (OR NAME OF BUSINESS): MASTRANGELO, MARIA BEATRIZ
SEX F   DESC WHT   HT 504   WT 125   DOB 09-11-57

ADDRESS: 3560 GREENWOOD AVE  LOS ANGELES CA 90066   310-948-0805

E-MAIL ADDRESS

DR. LIC. NO. (IF NONE, OTHER ID & NO.) C8631462   FOREIGN LANGUAGE SPOKEN   OCCUPATION PERSONAL TRAINER

**PREMISES** (SPECIFIC TYPE)   ☐ ATM
RESIDENCE

LOCATION OF OCCURRENCE   SAME AS V'S ☑ RES. ☐ BUS.   R.D. 1434   PRINTS BY PREL. INV. ATTEMPT OBTAINED ☑ Y ☐ N

**ENTRY** 459/BFV POINT OF ENTRY   POINT OF EXIT
REAR DOOR   P.O.E
- ☐ FRONT
- ☑ REAR
- ☐ SIDE
- ☐ ROOF
- ☐ FLOOR
- ☐ OTHER

METHOD: UNLOCKED DOOR
INSTRUMENT/TOOL USED: NONE

DATE & TIME OF OCCURRENCE: 12-27-10 2115 / 12-27-10 2245
DATE & TIME REPORTED TO PD: 12-27-10 2350

TYPE PROPERTY STOLEN/LOST/DAMAGED   03.04.00 GIVEN   STOLEN/LOST $2,727.56   RECOVERED $   EST. DAMAGED ARSON / VAND.
LAPTOP COMPUTERS

NOTIFICATION(S) (PERSON & DIVISION)   CONNECTED REPORT(S) (TYPE & DR #)
Sgt NORMAN 69581

VICT'S VEH. (IF INVOLVED) YEAR, MAKE, TYPE, COLOR, LIC. NO.

**MO** IF LONG FORM, LIST UNIQUE ACTIONS. IF SHORT FORM, DESCRIBE SUSPECT'S ACTIONS IN BRIEF PHRASES, INCLUDING WEAPON USED. DO NOT REPEAT ABOVE INFO BUT CLARIFY. REPORT AS NECESSARY. IF ANY OF THE MISSING ITEMS ARE POTENTIALLY IDENTIFIABLE, ITEMIZE AND DESCRIBE ALL ITEMS MISSING IN THIS INCIDENT IN THE NARRATIVE

UNK SUSP(S) ENTERED THE VICT'S RESIDENCE VIA THE UNLOCKED REAR DOOR, UNK SUSP(S) TOOK THE VICT'S PROPERTY AND FLED LOC VIA THE REAR DOOR TO UNK LOC.

☐ MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM
☐ SUSPICIOUS ACTIVITY(SAR)
☐ HATE CRIME/INCIDENT
☐ DOMESTIC VIOLENCE
☐ OR RECEIVED BY PHONE

SIGNATURE: [signature] Maria Mastrangelo

**REPORTING EMPLOYEE(S)**
INITIALS, LAST NAME: BAEZA D   SERIAL NO. 36610   DIV/DETAIL PAC 1413
TOLLIVER   39787   PAC 1413

PERSON REPORTING

NOTE: IF SHORT FORM AND VICTIM/PR ARE NOT THE SAME, ENTER PR INFORMATION IN INVOLVED PERSONS SECTION.

Complete below sections if any CASE SCREENING FACTOR(S) boxes are not checked.

| SUSP'S VEHICLE | YEAR | MAKE | MODEL | TYPE | Interior |
|---|---|---|---|---|---|
| COLOR(S) | | | | COLOR: | |

Exterior
- ☐ 1. CUSTOM WHEELS
- ☐ 2. PAINTED PRIMERED
- ☐ 3. LEVEL ALTERED
- ☐ 4. BUS UNRACK
- ☐ 5. CUSTOM PAINT
- ☐ 6. VINYL TOP

Body
- ☐ 1. DAMAGE
- ☐ 2. MODIFIED
- ☐ 3. STICKER
- ☐ 4. LEFT

- ☐ 5. RIGHT
- ☐ 6. FRONT
- ☐ 7. REAR

Windows
- ☐ 1. DAMAGE
- ☐ 2. CUST.
- ☐ 3. CURTAINS
- ☐ 4. LEFT

- ☐ 5. RIGHT
- ☐ 6. FRONT
- ☐ 7. REAR

VEH. LIC. NO.   STATE
- ☐ 1. BUCKET SEATS
- ☐ 2. DAMAGED INSIDE

**S-1** SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | AGE | CLOTHING   NAME, ADDRESS, DOB, IF KNOWN; NAME; BKG. NO., CHARGE, IF ARRESTED.

PERSONAL ODDITIES (UNUSUAL FEATURES, SCARS, TATTOOS, ETC.)   Weapon   (VERBAL THREATS, BODILY FORCE, SIMULATED GUN, ETC. IF KNIFE OR GUN, DESCRIBE FULLY.)

**S-2** SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | AGE | CLOTHING   NAME, ADDRESS, DOB, IF KNOWN; NAME; BKG. NO., CHARGE, IF ARRESTED.

PERSONAL ODDITIES (UNUSUAL FEATURES, SCARS, TATTOOS, ETC.)   Weapon   (VERBAL THREATS, BODILY FORCE, SIMULATED GUN, ETC. IF KNIFE OR GUN, DESCRIBE FULLY.)

**INVOLVED PERSON(S)**   W - WITNESS;   R - PERSON RPTG.;   S - PERSON SECURING (459);   D - PERSON DISCOVERING (459);   P - PARENT;
CP - CONTACT PERSON (DOMESTIC VIOLENCE)   IP - INVOLVED PARTY

| NAME | SEX | DESC | DOB | ADDRESS | CITY | ZIP | PHONE |
|---|---|---|---|---|---|---|---|
| DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.) | FOREIGN LANGUAGE SPOKEN | | | E-MAIL ADDRESS | | CELL PHONE | |
| NAME | SEX | DESC | DOB | ADDRESS | CITY | ZIP | PHONE |
| DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.) | FOREIGN LANGUAGE SPOKEN | | | E-MAIL ADDRESS | | CELL PHONE | |
| NAME | SEX | DESC | DOB | ADDRESS | CITY | ZIP | PHONE |
| DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.) | FOREIGN LANGUAGE SPOKEN | | | E-MAIL ADDRESS | | CELL PHONE | |

**COMBINED EVID. RPT.**   USE THIS SECTION IN LIEU OF PROPERTY REPORT IF NO GUN AND NO MORE THAN THREE ITEMS OF EVIDENCE.
LOC. EVID. BKD.   10.10.00 GIVEN? ☐ Y ☐ N   Preliminary Drug Test ☐ Y ☐ N   SUPV./INV. OFCR. TESTING SERIAL NO.   WITNESS OFCR.   SERIAL NO.

| ITEM | QUAN. | ARTICLE | SERIAL NO./TYPE TEST OF DRUG | BRAND/DRUG WEIGHT, UNITS | MODEL NO./DRUG TEST RESULT | MISC. |
|---|---|---|---|---|---|---|
| | | | | | | |

**NARRATIVE**   USE THE FOLLOWING HEADINGS TO DOCUMENT ALL INFORMATION REGARDING THE INVESTIGATION: ADDITIONAL PERSONS INVOLVED (separated by type); SOURCE OF ACTIVITY; INVESTIGATION; ARREST; INJURY/MEDICAL TREATMENT; PHOTOGRAPHS; BOOKING; EVIDENCE; ADDITIONAL; COLLISION SUMMARY; PROPERTY STOLEN/LOST/RECOVERED/DAMAGED; AND COURT INFORMATION. NOTE: ANY OF THESE HEADINGS MAY BE OMITTED IF NOT APPLICABLE. SEE FIELD NOTEBOOK DIVIDER - IR, FORM 18.30.00 FOR FURTHER INFORMATION. GENERAL REPORTING INSTRUCTIONS, FORM 18.30.00 AND FIELD NOTEBOOK DIVIDER - IR, FORM 18.30.01 FOR FURTHER INFORMATION.

**VICTIM INDEMNIFICATION INFORMATION (IF APPLICABLE)**   IS ANY OF THE VICTIM'S PROPERTY MARKED WITH AN OWNER APPLIED IDENTIFICATION NUMBER? ☐ YES ☑ NO   IF YES, EXPLAIN IN NARRATIVE.

SUPERVISOR APPROVING   SERIAL NO.   DIVISION   DETECTIVE SUPERVISOR REVIEWING   SERIAL NO.

**The Stamps do not have postal markings**

**No report from any Postal Office were presented
at trial proving that this particular envelope was
processed  or handled  by the USPS .No report on
who was  the mail  man who delivered the letter.**



SN BERNARDINO CA 924

03 APR 2014 PM 4 L

Stamp with
postal Markings

It was processed. by the post office

DAVE
22 AUSTIN AVE STE 1221
NEWPORT BEACH CA 92663

26

The lab report does  not say how much rat
poison was found. No physical harm or
injury can be proven without  the amount
of rat poison present in the envelope .

7036327898   P.002

# COUNTY OF LOS ANGELES
# Public Health



JONATHAN E. FIELDING, M.D., M.P.H.
Director and Health Officer

JONATHAN E. FREEDMAN
Chief Deputy Director

MARY BETH DUKE, M.S.
Acting Director, Public Health Laboratory

12750 Erickson Ave., Downey, CA 90242
TEL (562) 658-1350 • FAX (562) 401-5958

BOARD OF SUPERVISORS

Gloria Molina
First District

Mark Ridley-Thomas
Second District

Zev Yaroslavsky
Third District

Don Knabe
Fourth District

Michael D. Antonovich
Fifth District

Date: May 18, 2011

To:     Bioterrorism Preparedness and Response Program Notification Group
        Attn: James Peaco
        Special Agent
        FBI, Los Angeles Regional Office 310-261-9118

From:   Patricia Bolivar MS, PHM
        Bioterrorism Response Unit (BTRU) Supervisor - Principal Investigator
        Los Angeles County Public Health Laboratory 562-658-1360

*LRN CLEARED,
OK TO SUBMIT TO FBI LABORATORY
T. Fackler, 5/26/11*

Re:     Final report case # 279-B-LA257001 BTRU # 1513 Incident location: Attorney's office.

Description of Sample:

*IT IS A GREEN
Material, NO White Material.*

*NO AMOUNT
IN GRAMS
Reported.*

Evidence was submitted by Kathleen Giles 05/17/2011 at 18:00 in double plastic bags containing:
50ml Falcon tube containing green crashed material, greeting card with green pellets, poison label, and envelope.

| Tests performed | Results for Evidence tested: BTRU # 1513 |
|---|---|
| Macroscopic observation | Crashed green material with low solubility in PBS buffer pH 7.2 |
| Microscopic Observation | **Gram stain:** Few gram positive rods and rare gram positive cocci. |
| Phase contrast microscopy | **Wet mount:** Irregular size and shape refractive granules (starch), rare refractive round oval and bodies, rare rod seen |
| Cultures on enriched media | Plated on solid and broth media incubated at 35°C with 5-10% $CO_2$ and in the presence of air. No organisms of significance found after incubation at above conditions for >72 hours. No SELECT AGENTS isolated. |

| Real time –Polymerase Chain Reaction (RT-PCR) | Primers Selected to Detect Nucleic Acid to: | Interpretation |
|---|---|---|
| | Bacillus anthracis | Not Detected |
| | Brucella species | Not Detected |
| | Burkholderia mallei/pseudomallei | Not Detected |
| | Francisella tularensis | Not Detected |
| | Yersinia pestis | Not Detected |
| | Orthopox virus | Not Detected |
| | Ricinus communis | Not Detected |
| Time-Resolved Fluorescence (TRF) for Ricin | Not Detected | |
| Chemical agents | Not performed | |

1106 03011

TOTAL P.002    10

**Agent :VanHoeck lied or was confused when he stated that he received : the white powder letter The pellets are green .**

29



WPM:wpm

1

On 05/25/2011, FBI Special Agent Wilhelmus P. VanHoek collected from the County of Los Angeles Public Health Laboratory (LRN) Bio-Terrorism Reponse Unit (BTRU) in Downey, California, the White Powder Letter (WPL) evidence received by Attorney ALAN R. TAJER in February, 2011 (BTRU #1513). In addition, SA VanHoek received from the LRN a CD-ROM disk containing photos of the evidence.

A copy of the LRN chain of custody and receipt of property forms, the CD-ROM with evidence photos, the FD597 property receipt form, and FD1004 chain of custody form will be kept in a 1A envelope in the FD-340 associated with this case.

Rat poison is green
has a colorant b!
FBI agent is confused about
colors?

30

80

**Others investigators confirmed that
the rat poison was glued together and in
the form of green pellets.**

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION



Date of transcription    05/18/2011

On 05/17/2011, SA Siddhartha Patel and SABT Kathleen Giles, members of the FBI Los Angeles Hazardous Materials Response Team (HMRT) responded to the Law offices of Alan Tajer per the request of the case agent.

Upon arrival to 3540 Wilshire Blvd., Suite 1034, Los Angeles, California 90010, at approximately 3:20 p.m., Patel and Giles introduced themselves to the staff of the law office and requested access to the envelope containing a possible hazardous substance. Patel and Giles were met by Assistant Weapons of Mass Destruction Coordinator (AWMDC) John Wilson. Wilson showed Patel and Giles the location of the item to be monitored and then collected as evidence.

Tajer had opened the original envelope at least one month ago. Tajer discovered a sympathy card that read on the front cover: "A Note of Sympathy." Inside the sympathy card contained the following: a yellow rat poison label with red lettering on the right side (mostly in Spanish) and green pellets glued to the left side of the card.

The following information was on the outside front of the envelope:

    TO:  ALAN TAJER
           ATTORNEY AT LAW
           3540 Wilshire Blvd # 1034
           Los Angeles, CA  90010

*other Investigators confirmed that WAS. Green Pellets Glue NO white powder* [handwritten]

The outside back of the envelope had an address label attached to it also:

    Benito Juarez
    3540 Wilshire Boulevard
    Los Angeles, CA  90010

At approximately 3:40 p.m., Patel and Giles monitored the exterior of the manila envelope that Tajer had put the card and envelope into after opening it. Once initial monitoring was complete, Giles put the entire package into a field pyramid used by HMRT. Giles collected crushed green material from inside the card

| | | |
|---|---|---|
| Investigation on | 05/17/2011 | at Los Angeles, California |

Date dictated _____

    SABT/ Asst. WMDC Kathleen J. Giles
by  SA Siddhartha Patel

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

32

Mrs Daneshvar testified she doesn't remember how or when she received the letter .My Lawyers did not cross examine Daneshvar enough to ask how she opened the letter . Please see that the flap of the envelope has no cracks . Mrs Daneshvar did not say at trial she received the envelope through the USPS.

33

**UNCLASSIFIED**

8/2/11

110603011 PM LN

<u>Q10, Q11, Q13</u> – Items received in a tape sealed box labeled with lab and item numbers and Fed Ex tracking number "7357 3578 9619". Items received inside a tape sealed brown paper bag labeled with lab and item numbers and "…GREETINGS CARD W/ GREEN PELLETS, POISON LABELED + ENVELOPE… 1B3 ITEM #11".

Processed in Room #3270

**Q10   Envelope addressed to Alan Tajer (1B3, E4531769, Item 1)**

Item received in a tape sealed clear plastic bag labeled with lab and item numbers.

Item composed of a light green ~8-1/2" x ~5-1/2" envelope; white recipient address label with black print (?) reads "TO: ALAN TAJER ATTORNEY AT LAW 3540 WILSHIRE BLVD #1034 LOS ANGELES, CA 90010" (label appears to be glued on (?)); white sender address label on back with black print (?) reads "BENITO JUAREZ 3540 WILSHIRE BOULEVARD LOS ANGELES, CA 90010" (label appears to be glued on (?)); two (2) "USA FIRST-CLASS FOREVER 2009" stamps affixed; postmark reads "LOS ANGELES CA 90007 FEB 2011 PM…"; postal markings on bottom of front and back (front markings read "90010+2316"); stained/soiled; cut/torn (?) open along flap and back; received with flap unsealed.  See photos below.

Q10.1    Q10.2


**Q10-Q10.2 FRONT**


**Q10-Q10.2 BACK**

NO CRACKS IN the FLAP of the eNVelope

How HRS D opened this eNVelope??

Exposed areas of item processed for hair and fiber.  Stamps removed with Undu; processed for trace; affixed to Kapac, and given number Q10.1-Q10.2.  Flap appears to be moisture activated.

Page 1 of 18

Rat poison had to be ingested in significant quantities to cause human physical harm or human injury. Because there was no proof that the rat poison was ingested by Mr Tajer or Mrs Daneshvar the communication was not a physical threat

35

7036327898   P.002

# Public Health
## COUNTY OF LOS ANGELES

JONATHAN E. FIELDING, M.D., M.P.H.
*Director and Health Officer*

JONATHAN E. FREEDMAN
*Chief Deputy Director*

MARY BETH DUKE, M.S.
*Acting Director, Public Health Laboratory*

12750 Erickson Ave., Downey, CA 90242
TEL (562) 658-1530 • FAX (562) 401-5908

BOARD OF SUPERVISORS

Gloria Molina
First District

Mark Ridley-Thomas
Second District

Zev Yaroslavsky
Third District

Don Knabe
Fourth District

Michael D. Antonovich
Fifth District

Date: May 18, 2011

To:    Bioterrorism Preparedness and Response Program Notification Group
       Attn: James Peaco
       Special Agent
       FBI, Los Angeles Regional Office 310-261-9118

From:  Patricia Bolivar MS, PHM
       Bioterrorism Response Unit (BTRU) Supervisor - Principal Investigator
       Los Angeles County Public Health Laboratory 562-658-1360

*[handwritten: LRN CLEARED, OK TO SUBMIT TO FBI LABORATORY. T. Pal Kehr, 5/26/11]*

Re:    Final report case # 279-B-LA257001 BTRU # 1513 Incident location: Attorney's office.

Description of Sample:

*[handwritten: IT IS A GREEN Material. NO WHITE Material. NO AMOUNT IN GRAMS Reported]*

Evidence was submitted by Kathleen Giles 05/17/2011 at 18:00 in double plastic bags containing:
50ml Falcon tube containing green crashed material, greeting card with green pellets, poison label, and envelope.

| Tests performed | Results for Evidence tested: BTRU # 1513 | | |
|---|---|---|---|
| Macroscopic observation | Crashed green material with low solubility in PBS buffer pH 7.2 | | |
| Microscopic Observation | Gram stain: Few gram positive rods and rare gram positive cocci. | | |
| Phase contrast microscopy | Wet mount: Irregular size and shape refractive granules (starch), rare refractive round oval and bodies, rare rod seen | | |
| Cultures on enriched media | Plated on solid and broth media incubated at 35°C with 5-10% $CO_2$ and in the presence of air. No organisms of significance found after incubation at above conditions for >72 hours. No SELECT AGENTS isolated. | | |
| Real time –Polymerase Chain Reaction (RT-PCR) | Primers Selected to Detect Nucleic Acid to: | Interpretation | |
| | Bacillus anthracis | Not Detected | |
| | Brucella species | Not Detected | |
| | Burkholderia mallei//pseudomallei | Not Detected | |
| | Francisella tularensis | Not Detected | |
| | Yersinia pestis | Not Detected | |
| | Orthopox virus | Not Detected | |
| | Ricinus communis | Not Detected | |
| Time-Resolved Fluorescence (TRF) for Ricin | Not Detected | | |
| Chemical agents | Not performed | | |

*[handwritten vertical: 1106030011]*

LAB_518

36

TOTAL P.002   *[handwritten: 10]*

## Toxicity

**Brodifacoum,** a second-generation anticoagulant rodenticide, inhibits prothrombin synthesis to cause bleeding that may be occult.[1] It is absorbed from the gastrointestinal tract; dermal absorption is possible. Poisons containing 100 mg in each kg of bait are not hazardous to man; more concentrated forms are particularly hazardous and their availability should be restricted. Baits, which should be prepared only by trained personnel, should contain a suitable marker-dye.

There have been reports of poisoning with **brodifacoum.**[2-10]

1. WHO. Safe use of pesticides: ninth report of the WHO expert committee on vector biology and control. *WHO Tech Rep Ser 720* 1985. PubMed Available at: online (accessed 21/07/08)

2. Watts RG, *et al.* Accidental poisoning with a superwarfarin compound (**brodifacoum**) in a child. *Pediatrics* 1990; **86:** 883–7. PubMed

3. Ross GS, *et al.* An acquired hemorrhagic disorder from long-acting rodenticide ingestion. *Arch Intern Med* 1992; **152:** 410–12. PubMed

4. Kruse JA, Carlson RW. Fatal rodenticide poisoning with **brodifacoum.** *Ann Emerg Med* 1992; **21:** 331–6. PubMed

5. Tecimer C, Yam LT. Surreptitious superwarfarin poisoning with **brodifacoum.** *South Med J* 1997; **90:** 1053–5. PubMed

6. Corke PJ. Superwarfarin (**brodifacoum**) poisoning. *Anaesth Intensive Care* 1997; **25:** 707–9. PubMed

7. La Rosa FG, *et al.* **Brodifacoum** intoxication with marijuana smoking. *Arch Pathol Lab Med* 1997; **121:** 67–9. PubMed

8. Miller MA, *et al.* Rapid identification of surreptitious **brodifacoum** poisoning by analysis of vitamin K-dependent factor activity. *Am J Emerg Med* 2006; **24:** 383. PubMed

9. Olmos V, López CM. **Brodifacoum** poisoning with toxicokinetic data. *Clin Toxicol* 2007; **45:** 487–9. PubMed

10. Kapadia P, Bona R. Acquired deficiency of vitamin K-dependent clotting factors due to **brodifacoum** ingestion. *Conn Med* 2008; **72:** 207–9. PubMed

© 2011 The Pharmaceutical Press.

There is no physical evidence that i
send this letter .All labs   reports were
inconclusive .

38



UNCLASSIFIED

| | |
|---|---|
| Q3.1 | Stamp (1B2, E4732103, Item 3B) |
| Q4 | Page beginning "Attorney: Alan Tajer Loan..." (1B2, E4732103, Item 3B) |
| Q5 | Envelope addressed to Name: The State Bar of California (1B2, E4732103, Item 1) |
| Q5.1 | Stamp (1B2, E4732103, Item 1) |
| Q6 | Doris Day Animal League card (1B2, E4732103, Item 1) |
| Q7 | Portion of d-Con poison packaging (1B2, E4732103, Item 1) |
| Q8 | Unknown substance (1B2, E4732103, Item 1) |

The specimens listed below were submitted under cover of communication dated May 26, 2011, assigned Laboratory number 110603011, and examined in the Latent Print Operations Unit:

| | |
|---|---|
| Q10 | Envelope addressed to Alan Tajer (1B3, E4531769, Item 1) |
| Q10.1-Q10.2 | Stamps removed from Q10 (1B3, E4531769, Item 1) |
| Q11 | American Greetings card (1B3, E4531769, Item 1) |
| Q13 | Portion of dCON packaging (1B3, E4531769, Item 1) |

The specimen listed below was submitted under cover of communication dated July 28, 2011, assigned Laboratory number 110810013, and examined in the Latent Print Operations Unit:

| | |
|---|---|
| K3 | Fingerprints and palm prints of MARTA BEATRIZ MASTRANGELO (1B16, E4728869, Item 8) |

This report contains the results of the examination of friction ridge prints.

**Results of Examinations:**

Four latent fingerprints of value were detected on Q5 and Q10. No latent prints of value were detected on the remaining specimens.

The latent fingerprints were inconclusively compared with the fingerprints of MARTA BEATRIZ MASTRANGELO, born September 11, 1957.

NO PHYSICAL
EVIDENCE

Page 2 of 4

110201007 PM AEJ



# FEDERAL BUREAU OF INVESTIGATION
# LATENT PRINT OPERATIONS UNIT
# LABORATORY CASE NOTES

## EXAMINATIONS/RESULTS:

6/26/2012 EG *sb*

**Inventory:**

| | |
|---|---|
| Q10 | Envelope addressed to Alan Tajer |
| | - Green envelope, also includes loose "To: Alan Tajer" white label |
| Q10.1-Q10.2 | Stamps removed from Q10 |
| | - Total of two (2) "Forever" stamps |
| Q11 | American Greetings card |
| Q13 | Portion of dCON packaging |
| | - One (1) piece of torn yellow/white cardboard packaging |

**associated with known cards submitted in 110810013**

**see attached sheets for processing info and results**

*NO DNA FOUND*
*NO PHYSICAL PROOF*

7/17/12 *cb*

**Results:**

One (1) latent fingerprint of value detected on Q10, green envelope, compared to
MASTRANGELO, inconclusive
*MARIA BEATRIZ MASTRANGELO for ALL 57 ?*

No latent prints of value detected on rest of Q10, Q11 and Q13
*Q10.1 - Q10.2 - no latent prints detected*

Images of captured latent prints to be retained

Evidence and image of latent print to be returned under separate cover

*Additional knowns needed for MASTRANGELO including lower joints*

*ACE-V*
*7/18/12*

LAB #: 110603011
EXAMINER: Gliem  AEJ
PAGE 1 of 5



UNCLASSIFIED

**Interpretations:**

The presence of a friction ridge print on an item of evidence indicates contact was made between the source and the item of evidence. The presence of a friction ridge print alone does not necessarily indicate the significance of the contact or the time frame during which the contact occurred.

Due to the many factors involved in the deposition of a friction ridge print, neither the absence of a friction ridge print on evidence nor the exclusion of a friction ridge print with a given source disassociate that source from having touched the evidence.

**Remarks:**

No latent print examinations were conducted on Q8.

Fully and clearly recorded major case prints, paying particular attention to the lower joints of the fingers, for MASTRANGELO, recorded in connection with this case, should be submitted to the FBI Laboratory's Evidence Control Unit with correspondence referencing FBI Laboratory number 110810013. The submitted prints will be used for comparisons and any latent print testimony you may desire in this matter.

The fingerprints of MASTRANGELO were searched through the FBI fingerprint files, but no record was located.

*no physical evidence.*

For questions about the content of this report, please contact Physical Scientist/Forensic Examiner Earl Gliem ██████████

For questions about the status of your submissions, including any remaining forensic examinations, please contact Request Coordinator Michael VanArsdale ██████████

The specimens and photographs of the detected latent prints of value are being returned under separate cover. The supporting records for the opinions and interpretations expressed in this report are retained in the FBI files.

Earl J. Gliem
Latent Print Operations Unit

This report contains the opinions/interpretations of the examiner(s) who issued the report.

Page 4 of 4

110201007 PM AEJ

UNCLASSIFIED

41

**FBI AGENT Vanhoek stated: rat poison has the potential to cause harm if ingested in large quantities. Mr Tajer or Miss Daneshvar did not ingested the rat poison. They did not suffer physical harm.**

42

coerce the recipient of the hoax threat in order to revenge, reverse, or mitigate any perceived harm done to the sender of the hoax threat by the recipient.  Hoax threats are also sometimes intended to influence the policy of a government or institution driven by political or social motivations of the sender.

18.   Every time such a threat is received, before establishing that the threat is an actual hoax as opposed to a genuine danger, significant law enforcement, emergency response, and analytical resources need to be spent.  In addition, these hoax threats can significantly disrupt the well being and sense of safety of a person or business receiving the threat.

19.   Brodifacoum is a highly lethal vitamin K antagonist anticoagulant poison.  In recent years, it has become one of the world's most widely used pesticides.  It is typically used as a rodenticide, but is also used to control larger mammalian pests. A review of open source materials indicates that because it is a toxin that affects larger mammals, it has the potential to cause harm to humans if ingested in significant quantities.

20.   On May 17, 2011, I interviewed attorney Alan R. Tajer at his place of employment, Alan Tajer Law Offices, located at 3540 Wilshire, Blvd., Suite 1034, Los Angeles, California 90010. From that interview, I learned the following:

FBI AGENT WROTE -: It has the Potential to CAUSe HARM to HUMANS if ingested.

43

136

**i do  not have   money to  pay  a lawyer or
fees .**

My NaMe IS.  MARtA MastRanfelo
3560 Snellwood  aUe.
GReeNwood
C. A. CA 90066
310 : 819 · 7226

Martha Mashuchelo
3560 Greenwich ave
L.A. CA 90066

CERTIFIED MAIL
7013 1710 0000 7644 5347

To: Office of the clerk.
U.S District court
Central District of CA.
Western Division
312 N. Spring Street.
los Angeles CA 90012



RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 12 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



U.S POSTAGE
PAID
LOS ANGELES, CA
MAY PRIORITY
MOUNT /14
$6.17
0000264-03

1000
90012